## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL A. DAVIDSON, Inmate #B16009, ) ) | |
| Plaintiff, ) | |
| vs. ) ) | CIVIL NO. 05-614-MJR |
| ALAN M. UCHTMAN, JASON P. ) VASQUEZ, ANTHONY R. BAUER, ROY ) L. GRATHLER, and ANDREW N. ) WILSON, ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against all Defendants for violations of due process in disciplinary proceedings.
>
> **COUNT 2:** Against Defendant Grathler for violation of Plaintiff's Eighth Amendment rights to be free of cruel and unusual punishment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

### COUNT 1

Plaintiff states that on February 22, 2005, three disciplinary reports were filed against him, one at 8:40 A.M. by Defendant Grathler and two at 10:20 A.M., one written by Defendant Grathler, and the other written by Defendant Bauer.  Plaintiff states that the two 10:20 incident reports allegedly occurred at different, distant locations within the prison.  The first disciplinary report (incident # 20050064111, written at 10:20 A.M. by Defendant Grathler) charged Plaintiff with sexual misconduct and insolence for making sexually provocative comments.  The second disciplinary report (incident #20050064211, written at 8:40 A.M. by Defendant Grathler) charged Plaintiff with unauthorized movements, disobeying a direct order, insolence, and intimidation or threats for yelling and not stopping when told to.  The third disciplinary report (incident #20050064311, written at 10:20 A.M. by Defendant Bauer) charged Plaintiff with dangerous communication and intimidation or threats for making threatening comments toward Defendant

-2-

Grathler.[1]

As best the Court can tell from Plaintiff's factual narrative, on February 25, 2005, Plaintiff was found guilty of all charges, except for sexual misconduct, and was disciplined with a total of nine months in segregation and loss of three months of good time credit. Plaintiff states that he requested assistance in preparing a defense and for an extension of time to prepare a defense to the charges. Both requests were ignored, in violation of his due process rights. Plaintiff also argues that the logical impossibility of his committing two violations at the same time in different places violates due process.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for nine months in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d

---

[1]Plaintiff does not include any incident reports or disciplinary hearing reports with the complaint. The Court summarizes the Plaintiff's narrative of events.

1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship).

A loss of good time credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the March 2002 disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Accordingly, this claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

### COUNT 2

Plaintiff states that Defendant Grathler, on numerous occasions, made sexual advances and sexually inappropriate comments toward him. Plaintiff states that the incident reports filed against him by Defendant Grathler were written in retaliation for Plaintiff's rebuffing of Defendant Grathler's sexual advances.

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states

-4-

through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime .*Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society.  *Id.*  The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th  Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.  The subjective component of

unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *See also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

The United States Court of Appeals for the Eighth Circuit has found, "certainly, sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries." *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir, 1998). The Eighth Circuit's evaluation of this claim was very fact intensive. Plaintiff here has not provided much detail regarding the Defendant Grathler's improper sexual advances. However, "all that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). As such, Plaintiff's statements are sufficient to state an Eighth Amendment claim; Count 2 cannot be dismissed at this point in the litigation.

### SUMMARY AND CONCLUSION

Plaintiff may proceed against Defendant Grathler on Count 2 of the complaint.  Count 1 and all other defendants are **DISMISSED** from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant Grathler within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **1** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  <u>**Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**</u>

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendant Grathler***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendant Grathler*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service,

should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTION

Currently pending before the Court is Plaintiff's motion for temporary or permanent injunctive relief (Doc. 7). Plaintiff requests that the Court first order the Illinois Department of Corrections to transfer Plaintiff from Menard Correctional Center and then requests that the Court enjoin the Illinois Department of Corrections from returning him there.

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public

interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).  Based on the allegations in the complaint, the Court is of the opinion that an injunction should not issue in this matter at this time.  Accordingly, the motion for temporary or permanent injunctive relief (Doc. 7) is **DENIED.**

**IT IS SO ORDERED.**

**DATED this 11th day of August, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

-10-